# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHARMERICA DRUG SYSTEMS,** : | **CIVIL ACTION NO. 1:18-CV-810** |
| **LLC D/B/A PHARMERICA,** : | |
| **SUCCESSOR BY MERGER TO** : | **(Chief Judge Conner)** |
| **PHARMERICA DRUG SYSTEMS,** : | |
| **INC.,** : | |
|  : | |
| **Plaintiff** : | |
|  : | |
| v. : | |
|  : | |
| **KEPLER NURSING AND** : | |
| **REHABILITATION CENTER, LLC** : | |
| **D/B/A KEPLER CENTER FOR** : | |
| **NURSING AND REHABILITATION,** : | |
|  : | |
| **Defendant** : | |

## ORDER & JUDGMENT

AND NOW, this 2nd day of August, 2018, upon consideration of the motion (Doc. 10) for default judgment by plaintiff Pharmerica Drug Systems, LLC ("Pharmerica"), and it appearing that the summons and complaint were served on defendant Kepler Nursing and Rehabilitation Center LLC ("Kepler") on April 30, 2018, (see Doc. 7), but that, as of the date of this order, Kepler has not pled or otherwise defended itself in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on behalf of Kepler, and further that, upon request (Doc. 8) of Pharmerica, the Clerk of Court entered default (Doc. 9) against Kepler on May 29, 2018, see FED. R. CIV. P. 55(a), and the court concluding that, taking the facts of the complaint (Doc. 1) as true, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), Pharmerica's *allegata* are sufficient for purposes of default judgment to establish that Kepler breached a contractual agreement between the parties by

failing to make payments due and owing to Pharmerica and improperly terminating the parties' contract, and further, with respect to the issue of damages, the court noting that we may conduct hearings when needed "to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that a hearing is unnecessary when evidence of damages is unopposed and unambiguous, see <u>Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp.</u>, 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), and the court observing that Pharmerica seek damages for unremitted invoice payments of $53,269.49, plus prejudgment interest through June 11, 2018 of $2,765.27 and *per diem* interest of $10.22 per day thereafter through the date of entry of judgment; damages for lost profits of $24,103.00; post-judgment interest at the applicable rate; attorneys' fees of $4,392.00; and costs of $597.46, (<u>see</u> Doc. 10-7), and supports its request with the affidavit of its senior vice president and chief accounting officer, (Doc. 10-3), an accounting of past due invoice payments and computation of lost profits, (Docs. 10-5, 10-6), and the affidavits of its counsel, (Docs. 10-1, 10-2), and the court thus determining that entry of default judgment is appropriate, it is hereby ORDERED that:

1. Pharmerica's motion (Doc. 10) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of Pharmerica and against Kepler as follows:

    a. Damages of $53,269.49 for unpaid invoices in the amount of $53,269.49, and prejudgment interest in the amount of $2,765.27 through June 11, 2018, and *per diem* interest in the amount of $10.22 for each day thereafter through the date of this judgment;

      b.      Damages of $24,103.00 for lost profits;

      c.      Post-judgment interest accruing at the applicable rate pursuant to 28 U.S.C. § 1961 from the date of judgment through the date of payment;

      d.      Attorneys' fees in the amount of $4,392.00; and

      e.      Costs in the amount of $597.46.

3.      The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania